**In re SACO LOCAL DEVELOPMENT CORP., Kirstein Leather, Kirstein Split Leather Comfort, Debtors.**

**Roderick R. ROVZAR, Trustee, Plaintiff,**

**v.**

**EMBOSSING CORP. OF AMERICA, Defendant.**

**Bankruptcy Nos. 281–00151 to 281–00154. Adv. No. 281–0234.**

United States Bankruptcy Court, D. Maine.

Dec. 15, 1981.

Gregory A. Tselikis, Charles E. Miller, Bernstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff/trustee.

Frederick T. Golder, Cherwin & Glickman, Boston, Mass., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

In this proceeding the Trustee seeks to recover an alleged preferential transfer from a foreign (Massachusetts) corporation. The transfer involved a payment by the Debtor to the Defendant in the amount of $1,583.71.

Service was made and proved pursuant to Bankruptcy Rule 704(c)(3) and 704(g).[1]

In response to the Trustee's complaint the Defendant filed a motion to dismiss alleging lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process and, for good measure, failure to state a claim.[2]

The thrust of the Defendant's argument is that the requirements of Maine's "long-arm" statute, 14 M.R.S.A. § 704–A, which requires "significant minimal contacts" with the State of Maine have not been met.

The Defendant misconceives the jurisdiction, venue, and process bases of this proceeding.

Jurisdiction is founded upon 28 U.S.C. § 1471(b) and (c), which grants to the Bankruptcy Courts both subject matter and personal jurisdiction over all civil proceedings arising out of a Title 11 case or arising in or related to a Title 11 case. See 1 Collier ¶ 3.01[c] (15th Ed.) for a discussion of the legislative history of Section 1471.

Venue is founded upon 28 U.S.C. § 1473(a) which provides that a trustee may commence a proceeding such as this in the Bankruptcy Court in which the case is pending.[3] See 1 Collier ¶ 3.02[d] (15th Ed.) for a discussion of the legislative history of Section 1473.

Service of process in this proceeding is controlled by Bankruptcy Rule 704(f)(1).[4] The Maine "long-arm" statute has no application. The Bankruptcy Rule provides that the summons, complaint, and notice of trial or pretrial may be served "anywhere within the United States." See 13 Collier ¶ 704.09 [14th Ed.] for a discussion of Rule 704(f). This Court will take judicial notice of the geographical fact that Massachusetts is within the United States.

The Defendant's Section 12(b)(6) argument (failure to state a claim) was not pressed in its Memo. Such argument is without merit in any event; the Trustee's complaint clearly alleges facts which, if proved, admitted and not avoided, establish a voidable preference within the meaning and intent of Section 547 of the Code. 11 U.S.C. § 547.

The Defendant's Motion to Dismiss must be DENIED. An appropriate order will be entered.

---

1. Subsections (c) and (g) of Bankruptcy Rule 704 are not inconsistent with the Bankruptcy Code. See P.L. 95–598 Sec. 405(d).

2. See Rule 12(b)(2)(3)(4)(5) and (6) F.R.C.P. and Bankruptcy Rule 712(b).

3. Subsections (b) and (d) of Section 1473 contain exceptions which do not apply here.

4. See n. 1 supra.